**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH A. LUGARA,<br><br>          Plaintiff,<br><br>          v.<br><br>OTICON, INC., MIKAEL WORNING,<br>individually, and GARY ROSENBAUM,<br>individually,<br><br>          Defendants. | Civil Action No. 19-17951 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Joseph A. Lugara's ("Plaintiff") Motion to Remand. (ECF No. 6.) Defendants Oticon, Inc. ("Oticon" or the "Company"), Mikael Worning, and Gary Rosenbaum (collectively, "Defendants") opposed. (Defs.' Opp'n Br., ECF No. 13.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Plaintiff's Motion is denied as to Plaintiff's breach-of-contract claim. The parties shall provide supplemental briefing on the Court's jurisdiction over Plaintiff's remaining state-law claims.

## I. BACKGROUND

### A. Factual and Procedural Background

After nearly two decades working at Oticon and on the day he turned 64 years old, Plaintiff was terminated from his employment. (Compl. ¶ 12, Ex. A to Notice of Removal, ECF No. 1-1.) Thereafter, Plaintiff initiated this action in the Superior Court of New Jersey, alleging age

discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. §§ 10:5-1, *et seq.*, and breach of contract. (*Id.* ¶¶ 65–78.) On August 14, 2019, Oticon accepted service of the Complaint. (Notice of Removal ¶¶ 2, 8, ECF No. 1.)

On September 12, 2019, Oticon timely removed the action to this Court pursuant to 28 U.S.C. § 1441(b). (*Id.* ¶ 8.) According to Oticon, this Court has jurisdiction over the matter because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, completely preempts Plaintiff's breach-of-contract claim. (*Id.* ¶ 6.) On October 10, 2019, Plaintiff moved to remand the matter back to state court. (Pl.'s Moving Br. 1, ECF No. 6-1.)

### B. The Summary Plan

Plaintiff alleges a breach-of-contract claim against Oticon alone. Plaintiff alleges that Oticon breached the terms of the Restructure and Summary Plan (the "Summary Plan" or the "Plan"), by failing to provide him with a severance payment to which he is entitled under the Plan. (Compl. ¶¶ 73–78; Summ. Plan, Ex. B to Notice of Removal, ECF No. 1-2.)

The purpose of the Summary Plan "is to provide enhanced benefits to eligible employees . . . who voluntarily resign from their employment in connection with the restructuring of the Company's Production team." (Summ. Plan 1.) Under the Plan,

> [a]n employee will be eligible for severance benefits under [the] Plan *only if the Company, in its sole discretion, determines* that the employee's employment is being terminated involuntarily for any of the following reasons:
> - Reduction in staff or layoff.
> - Position elimination.
> - Facility closing.
> - Closure of a business unit.
> - Organizational restructuring.
> - *Such other circumstances as the Company in its sole discretion deems appropriate* for the payment of severance benefits.

(*Id.* (emphasis added).)

2

Conversely,

> [a]n employee will not be eligible for severance benefits *if the Company, in its sole discretion, determines* that the employee's employment is terminated for any of the following reasons:
> - Formal resignation, retirement or other voluntary termination of employment.
> - Failure to return to work upon the expiration of an authorized leave of absence.
> - Death or disability.
> - Termination for cause or for behavior prejudicial to the Company or any of its subsidiaries or affiliates, as determined by the Company in its sole discretion.
> - Termination for gross misconduct or violation of company policy.
> - Termination for poor performance.

(*Id.* (emphasis added).)

The Summary Plan lists three additional conditions for payment of severance benefits: that the employee worked until the last day designated, that the employee executed and did not revoke a separation agreement and general release, and that the employee returned all Company property and settled expenses owed to the Company. (*Id.* at 2.)

The amount of the severance pay is calculated according to the number of years an employer has been with the Company. (*Id.* at 2–3.) The amount is then reduced by any outstanding debt owed by the employee. (*Id.* at 3.) "The Company will pay the severance pay in a single lump sum payment at the same time and in the same manner as the Company's regular payroll practice until such benefit is paid in full." (*Id.*)

The Company may also terminate benefits "at any time if the Company *in its sole discretion* determines that an employee has breached any of the terms and conditions set forth in any Agreement executed by [the] employee as a condition to receiving benefits under this Plan, including, but not limited to, the Separation Agreement and General Release." (*Id.* at 4.) The Company also has the right to recover overpayment of benefits. (*Id.*)

3

## II.  LEGAL STANDARD

"[A]ny civil action . . . of which the district courts of the United States have original jurisdiction" may be removed from State court. 28 U.S.C. § 1441(a). "A defendant . . . desiring to remove [a] civil action from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal . . . ." 28 U.S.C. § 1446(a). A case removed from state court shall be remanded, however, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Jurisdiction in a federal district court may be based upon a federal question under 28 U.S.C. § 1331. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Ordinarily, under the "well-pleaded complaint" rule, a federal question must be presented on the face of a plaintiff's complaint to be removable. *See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004). An exception to the rule is "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

"ERISA's civil enforcement mechanism, § 502(a), is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal-claim for purposes of the well-pleaded complaint rule." *Pascack Valley*, 388 F.3d at 399–400 (internal quotation marks and citation omitted). To that end, "the party seeking removal . . . [bears] the burden of proving that the [plaintiff's] claim is an ERISA claim." *Id.* at 401. Where the plaintiff's other state-law claims are not completely preempted by ERISA, the federal court must consider its jurisdiction over those remaining claims. *See, e.g., Manos v. United Food & Commercial Workers Int'l Union*, 9 F. Supp. 3d 473, 479–84 (D.N.J. 2014) (declining to exercise supplemental jurisdiction over the plaintiff's state-law claims that were not complete

preempted under ERISA and substantially predominated over the single federal ERISA claim, in light of 28 U.S.C. § 1367(c)(2)).

## III.  DISCUSSION

According to Defendants, this action is removable from state court because Plaintiff's breach-of-contract claim is completely preempted by ERISA. (Notice of Removal ¶ 6; *see generally* Defs.' Opp'n Br.) The Complaint, however, alleges two additional state-law claims under NJLAD. (*See* Compl. ¶¶ 65–72.) The Court, accordingly, addresses Plaintiff's breach-of-contract claim and his NJLAD claims in turn.

### A.  Plaintiff's Breach-of-Contract Claim

A state-law cause of action is completely preempted by ERISA if (1) the plaintiff could have brought his claim under § 502(a), that is, the plaintiff is seeking to recover benefits as a "participant or beneficiary" of an ERISA plan; and (2) there exists no other legal duty to support the plaintiff's claim. *Pascack*, 388 F.3d at 400 (citing *Davila*, 542 U.S. at 210). Because Plaintiff's standing as a "participant or beneficiary" of the Summary Plan is not disputed, (*see generally* Pl.'s Moving Br.; Defs.' Opp'n Br.), the Court only considers whether the Summary Plan is a "plan" under ERISA.

Although the term "plan" is not defined under ERISA, "courts have determined that most, but not all, severance packages qualify as ERISA plans." *Alston v. Atl. Elec. Co.*, 962 F. Supp. 616, 623 (D.N.J. 1997) (citation omitted). "In *Fort Halifax* [*Packing Co. v. Coyne*, 482 U.S. 1 (1987)], the Supreme Court held that severance benefits do not implicate ERISA unless they require the establishment and maintenance of a separate and ongoing administrative scheme." *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538 (3d Cir. 1992). "[T]he crucial factor in determining whether a 'plan' has been established is whether [the employer has expressed an

5

intention] to provide benefits on a regular and long-term basis." *Shaver v. Siemens Corp.*, 670 F.3d 462, 478 (3d Cir. 2012) (second alteration in original) (internal quotation marks and citation omitted). Other relevant factors include: (1) whether "the employer, to determine the employee's eligibility for and level of benefits, must analyze each employee's particular circumstances in light of the appropriate criteria"; (2) "whether the [employer's] undertaking requires managerial discretion, that is, whether the undertaking could not be fulfilled without ongoing, particularized, administrative, analysis of each case"; and (3) "whether a reasonable employee would perceive an ongoing commitment by the employer to provide some employee benefits." *Id.* at 477 (internal quotation marks and citation omitted).

On the other hand, "[t]he requirement of a one-time, lump-sum payment triggered by a single event requires no administrative scheme whatsoever to meet the employer's obligation." *Fort Halifax*, 482 U.S. at 12. Moreover, "[s]imple or mechanical determinations do not require the establishment of such an administrative scheme." *Id.* (citations omitted).

Here, although individual severance payments under the Plan are provided in one-time lump sums (Summ. Plan 3), Oticon has nonetheless demonstrated its intention to provide these payments on a regular and long-term basis. The Plan's application is not triggered by a singular event. Rather, the Plan is part of the Company's ongoing restructuring process, and a reasonable employee would, accordingly, understand the Company has an ongoing commitment to provide these benefits.

Furthermore, under the terms of the Plan, Oticon—in its sole discretion—makes an initial, individualized eligibility determination for each employee, by examining the circumstances of each employee's termination and by assessing whether each employee has met the requisite conditions. (*See id.* 1–2.) Even after determining an employee's initial eligibility, Oticon could

6

later terminate benefits—in its sole discretion—if the employee has breached the terms and conditions set forth in any ancillary agreement. (*Id.* at 4.) Accordingly, a long-term scheme is necessary for Oticon to terminate severance benefits based on the occurrence of a future event. *Cf. Girardot v. Chemours Co.*, 731 F. App'x 108, 112 (3d Cir. 2018) (finding "eligibility [under severance plan], once determined, was not conditioned on the occurrence of any future event that would require administrative consideration or adjudication). For these reasons, the Court finds the Summary Plan requires an ongoing administrative scheme and is, therefore, governed by ERISA. Because the Summary Plan is an ERISA plan and because the parties do not dispute Plaintiff's standing to recover a severance payment under the Plan, Plaintiff could have brought his breach-of-contract claim under § 502, and the first prong of the *Pascack Valley* test is satisfied.

The second prong of the *Pascack Valley* test is also satisfied because no other legal duty exists to support Plaintiff's breach-of-contract claim. An independent legal duty exists if the duty is not based on an obligation under an ERISA plan. *N.J. Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 303 (3d Cir. 2014) (citation omitted). In other words, an independent duty exists if the state-law claim is not "derived from, or conditioned upon" the terms of an ERISA plan. *Id.* (citation omitted). Here, it is undisputed that Plaintiff's breach-of-contract claim is derived from or conditioned upon the terms of the Summary Plan. Thus, no other independent legal duty supports the claim.

Because Plaintiff could have brought his breach-of-contract claim under § 502(a) and there exists no other legal duty to support Plaintiff's claim, the claim is completely preempted by ERISA and is removable to this court.[1]

---

[1] Because the Court denies motion to remand Plaintiff's breach-of-contract claim, the Court denies Plaintiff's request for fees and costs under 28 U.S.C. § 1447(c).

7

## B. Plaintiff's NJLAD Claims

That Plaintiff's breach-of-contract claim is removable does not end the Court's jurisdictional inquiry. The Court must nonetheless determine whether it has jurisdiction over Plaintiff's remaining state-law claims. *See, e.g., Manos*, 9 F. Supp. 3d at 479–84.

Here, neither Oticon's Notice of Removal nor Defendants' opposition addresses the Court's jurisdiction over Plaintiff's NJLAD claims. (*See generally* Notice of Removal; Defs.' Opp'n Br.) The Court, accordingly, orders supplemental briefing on this issue.

## IV. CONCLUSION

The Court retains jurisdiction over Plaintiff's breach-of-contract claim as it is subject to the doctrine of complete preemption under ERISA. The parties shall file supplemental briefing on the Court's jurisdiction over Plaintiff's remaining NJLAD claims. The Court will enter an appropriate Order.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**